## Commonwealth *v.* Eaby, Appellant.

*Criminal law—Fornication and bastardy—Evidence—Case for jury.*

1. On a prosecution for fornication and bastardy, where the prosecutor takes the witness stand, produces a bastard child, testifies that it is hers, that the defendant is its father, states the time and place when and where the sexual intercourse took place, and the child is born at or about the proper time from the date at which she fixed the intercourse, the court cannot give binding instructions in favor of the

defendant, although the testimony of the plaintiff is contradictory, and strong evidence is produced by the defendant as to his own innocence.

2. On an appeal from a conviction in such a case the appellant cannot complain that the trial judge did not instruct the jury that they had a right to convict of fornication alone, if no request for such instruction was made at the trial.

Argued Nov. 20, 1912.    Appeal, No. 252, Oct. T., 1912, by defendant, from judgment of O. S. Lancaster Co., Sept. Term, 1911, No. 39, on verdict of guilty in case of Commonwealth v. James Eaby.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.    Affirmed.

Indictment for fornication and bastardy.    Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed.

*Error assigned* among others was in refusing binding instructions for defendant.

*B. F. Davis*, for appellant.

*J. W. Brown*, for appellee.

OPINION BY MORRISON, J., February 27, 1913:

The defendant was tried, convicted and sentenced on an indictment charging him with fornication and bastardy. This is the second trial on said indictment.    The first trial resulted in a verdict of guilty, but for reasons with which we are not now concerned the learned court set aside the verdict and granted the defendant a new trial.

The case was made out on the part of the commonwealth by the testimony of the prosecutrix and the production of the child which, she said, was a bastard and that the defendant was its father.    The learned court

submitted the case to the jury in a charge which seems to us adequate and impartial. The attention of the jury was first called to the fact that the defendant took the stand and testified that he never had connection with the prosecutrix and that he never met her but once and that was about three years before, and the court said if that is true, then of course, he is not guilty and you will so find. The court next instructed the jury as to a reasonable doubt and what it was and if from all the evidence there is a reasonable doubt in your minds the defendant is entitled to the benefit of it and the verdict should be one of acquittal. The jury was also instructed properly in regard to the evidence of the good reputation of the defendant for chastity. The attention of the jury was then called to the testimony of the prosecutrix, admitted by her to be different from that she had testified to on a former trial. At the former trial she had testified that the intercourse with the defendant took place at the house of William Stoner in Parkersburg and at no other place, while in the present trial she claimed that it took place on Wednesday night, August 15, 1910, near the Parkersburg Park, and afterwards she said it was Monday night, August 15, and that there was dancing and roller-skating at the park on that night. The court then called attention to the fact that the manager of the park testified that no dancing or roller-skating took place on the fifteenth. The attention of the jury was also called to the fact that she testified that the connection with the defendant took place just outside of the park on that night and that she admitted having testified at the former trial that the connection with the defendant which got her with child took place in the Stoner house at Parkersburg. The court then cautioned the jury to consider her inconsistent statements and carefully weigh them because she must convince you from her testimony that the defendant is really the father of her child. The court then called the jury's attention to the fact that three young men had testified that each of them had had connection with the prosecutrix about

August or September, 1910, and the court plainly told the jury that if they believed the testimony of these young men, then the prosecutrix could not know who was the father of her child, and the law does not permit her to guess and select one of two or more men who have had connection with her at or about that time, and the jury was plainly told that if they believe the testimony of these young men that they actually had intercourse with her at or about the time this child was conceived, then the verdict ought to be one of not guilty.

We have referred thus to the charge because it is complained of in the assignments of error, while in our opinion it was entirely fair, and the jury must have believed the prosecutrix and have satisfactorily, to them, disposed of the contradictions in the testimony of the prosecutrix at the two trials and they must have absolutely disbelieved the three young men who were willing to go on the stand and testify to their own shameful conduct.

We are unable to discover any merit in the assignments of error. The learned counsel for the defendant asked for a binding instruction for a verdict of acquittal because, as he argues, the prosecutrix testified falsely and committed perjury in regard to the place where the sexual intercourse took place. The learned counsel cites the maxim "falsus in uno, falsus in omnibus," and bases an argument on this theory in support of his request for a binding instruction.

When a prosecutrix takes the witness stand; produces a bastard child; testifies that it is hers; that the defendant is its father; states the time and place when and where the sexual intercourse took place; and the child is born at or about the proper time from the date at which she fixed the intercourse, we consider it a novel proposition for the defendant's able and experienced counsel to criticise the court for not giving a binding instruction in favor of the defendant. We entertain no doubt that it was the duty of the court to submit all of the testimony to the jury and we have already said that this was done in an adequate and impartial charge. It may seem somewhat remarkable,

in view of the rather strong defense that was made, that the jury believed the prosecutrix's testimony and found the defendant guilty. But judges and lawyers who have had experience in the trial of such cases know that the jury usually accepts the prosecutrix's testimony as to who is the father of her bastard child.

The learned and experienced counsel for defendant complains in his argument that the court below erred in not instructing the jury that they had the right to convict the defendant of fornication alone, although he was charged with fornication and bastardy, and his fifth assignment of error seeks to raise this question. But the court was not asked to so instruct the jury. It is quite probable that the experienced counsel thought best to let the case go to the jury, as the court presented it, without having the jury instructed that if they believed the defendant had sexual intercourse with the prosecutrix but were not satisfied that he was the father of the child, they might bring in a verdict of fornication alone. If the able counsel had desired the case presented to the jury in that way, it cannot be doubted that he would have been on his feet in an instant when the charge closed asking for such instruction. But having made such a strong defense it is quite probable that he wanted the case to go to the jury, if it had to go at all, just as the court presented it.

"A party may not sit silent and take his chances of a verdict, and then if it is adverse, complain of a matter which, if an error, would have been immediately rectified and made harmless:" Com. v. Razmus, 210 Pa. 609; Penna. R. R. Co. v. Donora S. R. R. Co., 219 Pa. 361; Slavin v. North Cambria St. Ry. Co., 47 Pa. Superior Ct. 454.

While the evidence does seem somewhat strong in favor of the defendant, yet all of the questions of fact raised by the testimony were for the consideration of the jury, and after the verdict was rendered the defendant's learned counsel made a motion for a new trial and the testimony was reconsidered by the court and a new trial

refused, and this leads us to infer that the learned judge below felt that the jury had not erred seriously in disbelieving the young men witnesses and in believing that the prosecutrix had testified with substantial truthfulness although she had made some mistakes.

The six judges who heard this argument agree that the judgment ought to be affirmed.

The assignments of error are dismissed and the judgment is affirmed.