# Ford v. Cunningham Piano Co., Appellant.

*Negligence—Automobiles—Proximity to curb lines—Injury to pedestrian.*

In an action by a pedestrian to recover damages for personal injuries resulting from being struck by an automobile, the case is for the jury and a verdict and judgment for the plaintiff will be sustained, where the evidence tends to show that the plaintiff, while walking on the sidewalk, was struck by an automobile of the defendant, which was too close to the curb line, and was knocked down and injured by the wheel of the motor truck passing over her foot.

Argued Oct. 18, 1918.    Appeal, No. 49, Oct. T., 1918, by defendant, from judgment of C. P. No. 3, Philadelphia Co., September T., 1916, No. 4525, on verdict for plaintiff in case of Bessie Ford v. Cunningham Piano Co.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Trespass for personal injuries.    Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,000 and judgment thereon. Defendant appealed.

*Error assigned* was refusal to enter judgment for defendant n. o. v.

*Harry S. Ambler, Jr.,* for appellant.—Plaintiff was guilty of contributory negligence: Harris v. Commercial Ice Co., 153 Pa. 279; Martin v. Vare, 212 Pa. 83; Virgilio v. Walker & Brehm, 254 Pa. 241; Smith v. Phila. Rapid Transit Co., 252 Pa. 435; Foster v. Curtis, 63 Pa. Superior Ct. 473; Lorah v. Rinehart, 243 Pa. 231.

There was no evidence of negligence: Organ v. McCleman, 245 Pa. 264; Stahl v. Sollenberger, 246 Pa. 525; Hoffman v. Phila. Rapid Transit Co., 214 Pa. 87; Henson

v. Arthur, 217 Pa. 156; Dennison v. North Penn Iron Co., 22 Pa. Superior Ct. 219.

*Samuel Scoville, Jr.,* for appellee, cited: Ely v. Railroad Co., 158 Pa. 238; Printz v. Lucas, 210 Pa. 620; May v. Allison, 30 Pa. Superior Ct. 50; McCaughey v. American Ice Co., 45 Pa. Superior Ct. 370; McCloskey v. Chautauqua Ice Co., 174 Pa. 34; McGettigan v. Quaker City Co., 48 Pa. Superior Ct. 602.

OPINION BY HEAD, J., April 21, 1919:

The appellant rests its claim for a reversal of the judgment from which this appeal comes on the single ground that the learned trial judge should have directed a verdict in its favor. If then there was evidence to submit to the jury which would support a finding that at the time of her injury she was lawfully on the sidewalk of Chestnut street in the City of Philadelphia, and was there struck by a motor truck of the defendant company, which was driven so close to the curb line that the overhang caught the plaintiff and injured her, it must be manifest the learned trial judge could not have properly withdrawn the case from the consideration of the jury. The plaintiff herself plainly and positively declared she was on the sidewalk and at no time was in the cart way. She testified she had just crossed Thirteenth street on the north side of Chestnut, that she walked on the inside of a telegraph pole or lamp-post there located and was immediately struck by the truck of the defendant, so that when she fell her head hit the said lamp-post or telegraph pole. Her testimony in this respect was in no way weakened or shaken by her cross-examination. With the verdict in her favor, we are bound to regard it as verity and, as we view it, the defendant was left in no position to demand a directed verdict in its favor.

The assignments of error are overruled.

Judgment affirmed.