## Commonwealth *v.* Blank, Appellant.

*Criminal law—Fornication and bastardy—Evidence—Admissibility—Cross-examination—Act of March 15, 1911, P. L. 20.*

Upon the trial of one indicted for fornication and bastardy, it is entirely competent to produce evidence tending to show the relations in which the man and woman stood towards each other, including testimony that they had had sexual intercourse for a considerable time. Evidence that they had illicit intercourse on other days than that named in the indictment has a direct causal relation to the offense charged.

The Commonwealth must, of course, satisfy the jury that illicit intercourse must have occurred about the time the child must have been begotten, in order to warrant a conviction of bastardy.

Defendant, having testified on his own behalf that he had never had intercourse with the woman, it was entirely proper for the district attorney to ask him whether he was not at that time, under an order of the same court, paying for the support of another illegitimate child of the same woman. Such a question is not within the prohibitions of the Act of March 15, 1911, P. L. 20.

Argued March 6, 1922. Appeal, No. 9, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, July Sessions, 1921, No. 284, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. William Blank. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for fornication and bastardy. Before BARTLETT, J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence.

*Edward A. Kelly,* for appellant.—The Commonwealth is not permitted to prove, as part of its case in chief, the commission of other offenses totally disconnected with

the one on trial: Com. v. Elias and Johns, 76 Pa. Superior Ct. 576; Com. v. Vardelle, 70 Pa. Superior Ct. 241; Com. v. Haines, 257 Pa. 289.

*Eugene V. Alessandroni,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.—The defendant, having taken the stand in his own behalf, waived any right he may have had to object to the questions asked him concerning previous offenses: Com. v. Craig, 19 Pa. Superior Ct. 81.

OPINION BY PORTER, J., July 13, 1922:

The defendant was tried and convicted in the court below upon an indictment which charged that he did, on a day certain, commit fornication with a certain Rebecca Spector, and a bastard child on her body did then and there beget. The first and second assignments complain that the court erred in admitting the testimony of the woman as to illicit intercourse between her and the defendant during a considerable period of time prior to the day charged in the indictment. It is technically necessary that the indictment in such a case should charge the offense to have been committed upon a certain day, but the defendant may be convicted of fornication upon such an indictment if the evidence establishes an illicit connection with the woman named at any time prior to the beginning of the prosecution and within two years before the finding of the indictment. It is entirely competent in such a case to produce evidence tending to show the relations in which the man and woman stood towards each other, when and how their relations had their origin, and how long they continued, although the evidence may show incidentally that they had illicit connection on many days other than that named in the indictment. Such evidence has a direct causal relation to the offense for which the defendant is being tried, and cannot be said to constitute evidence of a collateral or extraneous crime. It constitutes a link in a chain of cir-

cumstances relied upon for conviction. Conviction of this defendant in the present case will be an effectual bar to a prosecution for any illicit connection with the same woman had prior to the institution of the prosecution in the present case. The Commonwealth must, of course, satisfy the jury that illicit intercourse must have occurred about the time the child must have been begotten in order to warrant a conviction of bastardy. The first and second specifications of error are dismissed.

The defendant was called as a witness in his own behalf, and having testified that he had not had intercourse with this woman during the time when the child must have been begotten, he, in answer to the final question, testified absolutely that he had never had intercourse with her at any time. This left the door wide open for cross-examination as to his relations with this woman. This being so it was entirely proper for the district attorney to ask him whether he was not now, under an order of the same court, paying for the support of another illegitimate child, to which the same woman had formerly given birth. This was admissible for the purpose of showing that it had been judicially determined that his testimony as to his relations with this woman was not true. It did not involve any question of his relations with some other woman. In such circumstances the Act of March 15, 1911, P. L. 20, has no application. The third specification of error is dismissed.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.