Opinion by
 

 Hirt, J.,
 

 Defendant was convicted of fornication and bastardy. The indictment charged sexual intercourse with prosecutrix on September 1, 1939 and the birth of the child on May 30,1940. The Commonwealth’s case rests solely upon the testimony of the prosecutrix, a, sixteen year old girl, obviously of limited mentality. This appeal questions the sufficiency of the evidence to support the conviction of bastardy.
 

 The birth of the child on May 30, 1940 is conceded and in the testimony there is the positive statement of the mother that defendant had sexual intercourse with her on September 1, 1939. But her testimony as a whole casts such doubt upon the paternity of the child that the conviction cannot be permitted to stand. She was sexually promiscuous and testified to frequent sexual . relations with five different men throughout the
 
 *123
 
 summer of 1939. She admitted relations with a man other than defendant within one week before September 1, 1939 and with another in October 1939. She had no means of fixing September 1,1939 charged in the indictment as the date of the intercourse with defendant but admitted that the connection might have been as late as the end of that month. Almost every definite statement made by her, whether tending to establish defendant’s guilt or admitting relations with others about the time of conception, is contradicted elsewhere in her testimony with the result that the evidence as a whole has no probative value as to the paternity of the child.
 

 Where bastardy is charged, a fact extremely important in the inquiry is whether the mother of the child had connection with others than the defendant at or about the time the child was begotten. If so, it is impossible for her to determine to which of them her conception is to be imputed.
 
 Com. v. Fritz,
 
 4 Clark 219. The admission of a number of connections at about the time of conception destroys her competency as a witness to prove that the defendant is the father. It is only where such relations with. others are denied by the mother and the proof of them rests upon the testimony of other witnesses that an issue for the jury is presented.
 
 Com. v. McCarthy,
 
 2 Clark 351;
 
 Com. v. Eaby,
 
 52 Pa. Superior Ct. 619.
 

 There are cases in which convictions were sustained notwithstanding serious inconsistencies in the testimony of the prosecutrix, as in
 
 Com. v. Severa,
 
 95 Pa. Superior Ct. 568;
 
 Com. v. Free,
 
 98 Pa. Superior Ct. 566. Where the contradictions may be attributed to the embarrassment of the prosecutrix on the witness stand or relate only to the time of defendant’s act which resulted in conception, as in the above cases, the probative weight of her testimony is for the jury and the conflicting statements may be reconciled. But where, as here, in addition to inconsistent statements as to the date of the intercourse, the mother admits sexual relations with
 
 *124
 
 others at or about the time when, normally, the child must have been conceived, a conviction cannot stand: And this is true though her testimony is conflicting as to the precise dates of the intercourse with others, some of which are within the period in issue and others not.
 

 In the interests of the liberty of the citizens a court may and, in a proper case, should declare the evidence insufficient to convict.
 
 Pauli v. Com.,
 
 89 Pa. 432;
 
 Krause v. Com.,
 
 93 Pa. 418;
 
 Com. v. Bone,
 
 64 Pa. Superior Ct. 44. A jury cannot be permitted to guess. Even in a civil case where the burden of proof is upon a plaintiff to establish certain facts before recovery can be had and his testimony is so contradictory as to present to a jury no basis for a finding except upon mere conjecture, a nonsuit is properly entered.
 
 Goater v. Klotz,
 
 279 Pa. 392, 124 6A. 83;
 
 Musleva v. Patton Clay M. Co.,
 
 338 Pa. 249, 12 A. 2d 554. There is much stronger reason for the application of this principle in a criminal case where the burden is upon the Commonwealth of proving the guilt of the defendant beyond all reasonable doubt.
 

 To grant a new trial would be vain in this case. No matter what the prosecutrix might say on a second trial, her testimony would stand impeached by her admissions in the record before us, and the court in good conscience would be bound to set aside a second conviction.
 

 The judgment of sentence as to bastardy is reversed and the record is remitted for resentencing the defendant on the conviction of fornication alone.