Commonwealth *v.* Sloan, Appellant.

Argued November 11, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*George S. Goldstein,* for appellant.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney, and *Mord C. Taylor,* Assistant District Attorney, for appellee.

OPINION BY ERVIN, J., January 14, 1955:

The defendant was convicted of fornication and bastardy. Motions in arrest of judgment and for a new trial were refused and the defendant appealed.

The principal question presented to us for decision is the competency of the prosecutrix to testify. It is argued by defendant that the prosecutrix admitted intercourse with another man about the time conception could have occurred and therefore she was not a com-

petent witness to prove that the defendant was the father. We have no complaint with this principle of law. It was well stated by Judge HIRT in *Com. v. Rex,* 147 Pa. Superior Ct. 121, 123, 24 A. 2d 98, in the following language: "Where bastardy is charged, a fact extremely important in the inquiry is whether the mother of the child had connection with others than the defendant at or about the time the child was begotten. If so, it is impossible for her to determine to which of them her conception is to be imputed. *Com. v. Fritz,* 4 Clark 219. The admission of a number of connections at about the time of conception destroys her competency as a witness to prove that the defendant is the father. It is only where such relations with others are denied by the mother and the proof of them rests upon the testimony of other witnesses that an issue for the jury is presented. Com. v. McCarthy, 2 Clark 351; Com. v. Eaby, 52 Pa. Superior Ct. 619." See also *Com. v. Young,* 163 Pa. Superior Ct. 279, 283, 60 A. 2d 831; *Com. v. Jodlowsky,* 163 Pa. Superior Ct. 284, 60 A. 2d 836.

In this case, however, the prosecutrix did not admit intercourse with any other man during the period when conception could have occurred. On the contrary, she denied it. Defendant's argument is based upon the following facts: When the prosecutrix's mother discovered her condition she told her, allegedly because of threats from Sloan, that she had been forcibly attacked by a neighbor, one Thomas Jewell, Jr.; Mr. Jones, the father, swore out an information against Jewell, who was subsequently indicted and brought to trial; at the proceedings before KENNEDY, J. the prosecutrix stated that although Jewell tried by force to ravish her, she successfully resisted his attack, whereupon the case against him was discharged. She repeated the same story at the hearing before the Jus-

tice of the Peace and she told the same story in the present trial. As stated in the opinion of the lower court, "Her testimony in the instant case reiterates the story, and seems to indicate some confusion on her part as to the distinctions between 'rape' in its dictionary meaning, and in its legal sense." One of the definitions in Webster's New International Dictionary, 2nd ed., unabridged, is "Act or an instance of seizing and carrying away by force; violent seizure." Her testimony in this connection is as follows: "A. What would you call rape—when a fellow tries to take a girl out—Q. You have been telling us he didn't penetrate you. Now, you say he raped you. A. The fellow tried to take my clothes from me and tried to do something. Q. He did penetrate you? A. No, he didn't. I testified at the hearing and his trial that he didn't."

There being no admission by the prosecutrix of intercourse with another man during the period when conception could have occurred, the above principle of law is not applicable to this case.

On the other hand, the prosecutrix testified that her sex relations with the defendant started in the last week of July, 1952 and continued at the rate of four or five times a week until February 22, 1953. The child was born May 5, 1953.

There is also the testimony of Bernadetta Wisniewski, a disinterested witness, in which she says she was talking to the defendant and he said "I am ashamed to face those people upstairs. We are going to have a baby."

The lower court's charge fairly presented the matter for the jury's consideration, they were informed of the charges previously brought against Jewell, they heard prosecutrix's explanation thereof and they apparently found her credible.

The defendant also argues that he couldn't be the father of the child because the child was born 253 days from the time set forth in the indictment as the date of conception. The prosecutrix testified that she started to have intercourse with the defendant in the last week in July, 1952 and that this continued at the rate of four or five times a week thereafter until February 22, 1953. Conception could have occurred on the last day of July, in which event 278 days would have elapsed to the date of birth on May 5, 1953. Or it could have occurred on the first day of the last week in July, 1952, in which event 285 days would have elapsed to the date of birth. In *Com. v. Young,* 163 Pa. Superior Ct. 279, 280, 281, 282, 283, 60 A. 2d 831, Judge HIRT exhaustively reviewed the medical authorities on this most interesting and important subject and it would do no good to repeat here what he so well said there.

We are convinced that the evidence was sufficient to warrant conviction of the crime of fornication and bastardy.

The judgment is affirmed.