## Commonwealth *v.* Boas; Appellant.

Argued March 19, 1956. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (RHODES, P. J., absent).

*Bernard R. Cohn,* for appellant.

*Alfred C. Alspach,* First Assistant District Attorney, with him *William C. Storb,* District Attorney, for appellee.

OPINION BY CARR, J., July 17, 1956:

The defendant was found guilty after a trial before a jury on an indictment charging him with fornication

and bastardy. He appeals from the refusal of the court below to grant a new trial, alleging that there was not sufficient competent evidence upon which the jury could base a verdict of guilty, that nine men mentioned by the defendant's witness should have been subpoenaed for trial and that the charge to the jury was erroneous.

The only witness for the Commonwealth was Sandra Ortleib, the prosecutrix, who testified that she met Joseph Boas, Jr. in July of 1951 and that she dated him regularly until he quit coming to see her when she told him she was pregnant in May of 1952. She stated that she had had intercourse with him "at least every week, I can't say how many times a week," from July of 1951 through the middle of May, 1952, and that during this period she had not been intimate with any other men. A child was born on January 19, 1953. The defendant took the stand and admitted having had illicit relations with her "all the time" and more specifically on May 17, 1952. His only defense was that in the month of May 1952, when, according to the testimony, conception took place, the prosecutrix had been intimate with other men. He himself had no knowledge of these alleged relations with others but called as his only witness Miss Kay Oster, a former friend of the prosecutrix, who testified that during the month of May, 1952, Sandra Ortleib had had intercourse with nine different men, all of whom she named. She said she had witnessed three of the acts, had been present when five more had occurred, and the prosecutrix had told her of another.

The defendant's argument on the facts is based on the well established principle that the admission of a number of connections at about the time of conception destroys her competency as a witness to prove that the defendant is the father. However, where such relations with others are denied by the mother and proof of them

rests upon the testimony of other witnesses, an issue is presented for the jury. *Com. v. Sloan*, 177 Pa. Superior Ct. 178; *Com. v. Rex*, 147 Pa. Superior Ct. 121; *Com. v. M'Carty*, 2 Clark 351. The contradictory testimony of the prosecutrix and of Kay Oster was properly presented to the jury.

The defendant now contends that the men Kay Oster named as having had relations with the prosecutrix during the month of May should have been subpoenaed for the trial. It should be noted here that after the trial defendant obtained new counsel who filed the motion for a new trial and took this appeal. Trial counsel must have known the names of these men prior to the trial because he named them in his cross-examination of the prosecutrix. In our opinion the manner in which the defendant and his counsel chose to conduct a trial and what witnesses they elect to call are not matters to be raised on a motion for a new trial. We can only speculate as to the reason for the failure to call these persons as witnesses. Whatever the reason may have been, a party cannot come in after an unfavorable verdict and have a new trial merely because, having lost the first time, he feels he could do better if given another chance. Hindsight is often better than foresight.

The objection raised to the charge of the court as stated in appellant's brief is as follows: "The charge of the Court (page 42) was very fair concerning the law and the facts in the case; but the Honorable Court made an unintentional error in that when the Court charged the Jury, it stated that 'if you do not believe the testimony of Kay Oster, you must convict the defendant.'" This is not an accurate quotation from the record. The trial judge said, "Now the Court must charge you if you believe Kay Oster's testimony in that

respect, under all the circumstances in this case, you will have to acquit the defendant Boas on the charge of bastardy. On the other hand if you do not believe the testimony or believe the offenses she described did not occur at the time the prosecutrix became pregnant, but at another period then of course you would be justified in finding the defendant guilty on the charge of bastardy". Even our quotation is only an excerpt from the charge which must be read as a whole. We have read the testimony and the charge of the court and find that it was a fair and accurate review of the testimony and the law applicable thereto. No specific exceptions having been taken, we will not reverse the court below except for fundamental error.

Judgment affirmed.