## Commonwealth *v.* Boggio, Appellant.

Argued November 9, 1964.   Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Marjorie Hanson Matson,* for appellant.

*Glenn R. Toothman, Jr.,* for Commonwealth, appellee.

OPINION BY WOODSIDE, J., December 16, 1964:

This is an appeal from the judgment of sentence in a fornication and bastardy case. The defendant, Anthony L. Boggio, admitted the fornication and was found guilty by a jury of the bastardy charge. No post-conviction motions were made in the court below.

The child was born May 26, 1963. The evidence indicated that the defendant and the prosecutrix had intercourse a number of times beginning "the first part of 1962". The last menstrual period of the prosecutrix before the child's birth started September 13, 1962, so she set the intercourse of October 6, 1962, as the date of the fornication which resulted in conception. The defendant admitted that he had intercouse with her on October 6 and a number of times prior thereto, and that he wrote the prosecutrix a letter saying he would support the child. Here, he contends that the child born May 26, 1962, only 232 days after the October 6th intercourse, could not have been the result of that intercourse and, therefore, was not his child.

The obstetrician who delivered the child testified for the Commonwealth and another qualified obstetrician testified for the defendant. It is not necessary to relate, analyze and discuss their medical testimony, except to note that the child was believed by the delivering obstetrician to be "slightly premature."

We recognize that both the courts and the legislature must continue to re-examine the law governing the determination of paternity to see whether the applicable rules should be changed in the light of the rapidly developing scientific knowledge on this subject. See *Commonwealth ex rel. Miller v. Dillworth,* 204 Pa. Superior Ct. 420, 205 A. 2d 111 [3] (1964); *Commonwealth ex rel. O'Brien v. O'Brien,* 390 Pa. 551, 136

A. 2d 451 (1957); *Commonwealth ex rel. Goldman v. Goldman,* 199 Pa. Superior Ct. 274, 184 A. 2d 351 (1962). See also the dissent in *Commonwealth v. Watts,* 179 Pa. Superior Ct. 398, 402, 116 A. 2d 844 (1955). The case before us, however, is not a case calling for a re-examination of the rules.

The circumstances of the child's birth and the time of gestation in this case are not such as would warrant our saying as a matter of law that the child was not conceived on October 6.

Furthermore, the defendant could be the father of this child through an intercourse prior to that date. Both the defendant and the prosecutrix testified that they had intercourse together a number of times in 1962, although neither was able to fix the exact dates of most of them. Neither party was sure whether they had intercourse together during the month of August. The prosecutrix testified that she had had intercourse only with the defendant. The indictment charged the defendant with sexual intercourse with the prosecutrix on October 6, 1962 "and divers other times". If the child was the result of one of the sexual relations prior to October 6, the bastardy conviction should not be set aside. *Commonwealth v. Blank,* 79 Pa. Superior Ct. 49 (1922); *Commonwealth v. Watts,* supra, 179 Pa. Superior Ct. 398, 401, 116 A. 2d 844 (1955); *Commonwealth v. Harbaugh,* 197 Pa. Superior Ct. 587, 591, 179 A. 2d 656 (1962).

The appellant raises another point. He offered a witness to testify that he had intercourse with the prosecutrix sometime between the years 1959 and 1962, but could not fix the time more definitely. The court rejected the testimony on the ground that the alleged intercourse was not within the possible period of the prosecutrix's conception. The testimony was then offered to affect the prosecutrix's credibility, she having testified on cross-examination that she never had inter-

course except with the defendant. It was not error for the trial court to refuse to admit this testimony.

Evidence that the prosecutrix had intercourse with a man other than the defendant within the time when the conception was possible is, of course, relevant. But we question the relevancy and propriety of investigating whether she "ever" had intercourse, with another man. Counsel for defendant asked her this question, and then attempted to show that she answered it falsely. Ordinarily, "particular acts of misconduct are not provable by extrinsic testimony to impeach moral character; they are therefore also not provable merely in contradiction of the witness' statements on the stand." III Wigmore on Evidence (3rd edition) §1005. See also 2 Henry Pa. Evid., 4th Ed. (1953), §802, p. 258, and cases there cited.

Matters not raised in the court below cannot be invoked on appeal unless some fundamental error seriously affecting the merits of the case and imperatively calling for reversal appears. *Commonwealth v. Pittman,* 179 Pa. Superior Ct. 645, 647, 118 A. 2d 214 (1955). Here the defendant told his counsel after his conviction that he did not want to take the case farther. It was only after the time for making motions for a new trial and in arrest of judgment had expired that the defendant's father took action leading to this appeal.

The evidence points to the defendant as the father of the prosecutrix's child, and there was no such error in the trial as would require us to pass upon the questions raised for the first time in this Court.

Judgment of sentence affirmed.