Anzelone, Appellant, *v.* Jesperson.

Argued October 7, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Norman D. Jaffe,* with him *Lee A. Montgomery, William C. Robinson,* and *Galbreath, Braham, Gregg, Kirkpatrick, Jaffe & Montgomery,* and *Henninger & Robinson,* for appellants.

*John L. Wilson,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 11, 1969:

These are appeals by the plaintiffs, Salvatore Anzelone and Carmen Tierno, from the judgments of the Court of Common Pleas of Butler County, entered after verdicts in favor of the defendant, Donald Jesperson,

and dismissal of post-trial motions. The facts out of which the action arose are relatively simple. Anzelone was operating his Volkswagen bus in a northerly direction on Route 528 accompanied by Tierno, his passenger. Jesperson was operating his Corvair in a southerly direction on the same road. The accident occurred when Jesperson, negotiating a right-hand curve on the wet road, panicked when he saw Anzelone coming around the bend, slammed on the brakes, and skidded across the road into Anzelone's lane.

Anzelone and Tierno each brought suit against Jesperson, who joined Anzelone in Tierno's suit. The court directed a verdict in favor of the additional defendant, Anzelone, and charged that no evidence of contributory negligence existed. The jury returned verdicts for the defendant Jesperson, and after denial of their post-trial motions and entry of judgment, plaintiffs appealed.

We reverse. Appellants contend that a new trial should have been granted because the verdict was against the weight of the evidence. This Court has often set forth the standard of review applicable to a case such as the instant one: "The grant or refusal of a new trial will not be reversed on appeal, absent an abuse of discretion or error of law which controlled the outcome of the case." *Allison v. Snelling & Snelling, Inc.*, 425 Pa. 519, 229 A. 2d 861 (1967); *Vignoli v. Standard M. Freight, Inc.*, 418 Pa. 214, 210 A. 2d 271 (1965). Even with this restrictive standard of review, it is clear that we must reverse, for the court below did indeed abuse its discretion in failing to grant a new trial. We reproduce here excerpts from the defendant's own testimony: "Q. And when you first saw him, where was his bus in relation to the lanes of the highway? A. On the lanes? He was on his lane. Q. He was on his lane. A. Um, um. (Affirmative.) Q. Did he at any time

after that do what we commonly call 'cutting the corner'? A. He had to cut the corner to make the corner. Q. Well, in doing so, where did his bus come? A. Well, all I remember is that it come on me so fast that I panicked. Q. What did you do? A. I slammed on the brakes. Q. And what happened then? A. I had a straight—a straight skid into the car. Q. And how far would you think you skidded? A. Ten feet, fifteen feet. . . . Q. You say prior to the accident you panicked. Is that the word you used? A. Prior to, yes. Q. Yes. And as a consequence of this panic, you lost control of your car? A. I jammed on the brakes. Q. And the car went out of control? A. It went on an angle. Q. Across to the other side of the road? A. It had to go across to hit him, I guess. Q. So you do not deny under oath now that the accident took place on the other side of the road? A. On the other side of the road? Q. Yes. A. Say that again, please. Q. You do not deny now that the accident took place on the other side of the road? A. I ended on the other side of the road. Q. That the collision, the impact took place on the other side of the road. Is that correct? You do not deny that. A. Well, no, I do not deny it. Q. And you are then telling me that the accident did take place in the other side of the road; is that correct? A. Generally speaking, yes."

From this testimony, defendant's negligence is patent. The only reasonable way that a jury could have found for defendant would have been for it to find Anzelone contributorily negligent by virtue of his having "cut the corner." Yet the court had already held, erroneously we believe, that Anzelone was not negligent, and had directed a verdict in favor of Anzelone as an additional defendant and instructed the jury that there was no evidence of contributory negligence. Thus, if the jury followed its instructions, it could not have

reasonably found for the defendant. The verdicts for the defendant were either the result of ignoring the court's instructions or the caprice of the jury. In either event, the court below abused its discretion in permitting the verdicts to stand.

The judgments are reversed, and a new trial is granted.

Mr. Justice EAGEN and Mr. Justice ROBERTS concur in the result.