Russell, Appellant, *v.* Helm's Express, Inc.

Argued April 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Gerald W. Weaver,* with him *Weaver & Hammer,* for appellant.

*David J. Armstrong,* with him *Richard Dunlap,* and *Dickie, McCamey & Chilcote,* for appellee.

OPINION BY PACKEL, J., June 15, 1972:

Seriously conflicting versions of an accident led to undignified wrangling between attorneys during the trial of this case, which may well have been the cause of an improper charge to the jury. A verdict was returned for the defendant. The plaintiff seeks a new trial.

The plaintiff contends that defense counsel's cross-examination of certain witnesses exceeded the bounds of fair advocacy, that the trial court displayed a serious lack of impartiality and that the charge to the

jury contained a fundamental error. The record, regrettably, reflects constant bickering between counsel for both sides and particularly bitter exchanges between defense counsel and an attorney-witness for the plaintiff.[1] Conceivably this unseemly conduct alone may have prevented a fair result, but it is not necessary to decide the case upon that basis.

The record does not support plaintiff's claim that the trial court lacked impartiality. The only serious question involves the plaintiff's specific exception to the judge's charge that if the jury believed the defendant truck driver's version of the accident that was "the end of the case."

The plaintiff testified that while walking on the sidewalk he suddenly noticed alarmed expressions on the faces of some people coming toward him and that as he turned around he was struck in the head by an extended rear view mirror which was on the left side of the defendant's truck. He did not know whether the body of the truck was in the street or on the sidewalk at the moment of contact. An attorney-witness to the accident, however, testified that part of the truck was on the sidewalk and that he saw its front and rear left wheels come down off the sidewalk. Contrariwise, the driver testified that the truck was never

---

[1] In particular it should be noted that counsel should not use cross-examination for interjecting what the jury might consider to be testimony by him. The following "interrogation" of the attorney-witness by defense counsel is a flagrant example of this improper trial advocacy: "Q. And you fully expect to receive a percentage of any fee that may be realized in this case, don't you? A. I wonder why you inject that when you know and I have stated that I have no financial interest in this case at all. Q. I know that you do and that there was a power of attorney to be signed on behalf of Mr. Evans and that you had an interest and that you told Mrs. Russell it would be better if you acted as a witness instead of as a lawyer and so it was referred. Isn't that true?"

on the sidewalk. His version appears to be corroborated by photographs of the scene showing skid marks only in the street.[2]

If the only issue in this case with regard to negligence and contributory negligence had been whether or not the truck had come onto the sidewalk, the charge of the court would have been warranted. That issue, however, was not determinative of the case because the record shows that the plaintiff could have been struck by the mirror even though the truck never touched the sidewalk. The driver testified that the mirror extended beyond the body of the truck. Testimony that the truck's skidmarks were some two feet away from the pavement did not preclude a finding that the body was considerably wider than the distance between the wheels. Furthermore, one of the photographs in evidence shows the body of the truck almost at the sidewalk and the mirror extending over the curb.

Negligence could have been found to exist by virtue of operation of this truck, with an overhanging mirror, too close to the pavement. Numerous cases involve plaintiffs, while standing on the sidewalk, being struck by overhanging portions of motor vehicles. Our courts have consistently stated that it is clearly within the province of a jury to resolve the issues of negligence and contributory negligence in such situations. *Chapple v. Sellers*, 373 Pa. 544, 96 A. 2d 868 (1953) (overhang of truck body) ; *Mull v. Bothwell*, 338 Pa. 233, 12 A. 2d 561 (1940) (protruding handle of car door); *Ross v. Riffle*, 310 Pa. 176, 164 A. 913 (1932) (overhang of car fender) ; *Ford v. Cunningham Piano Co.*, 71 Pa. Superior Ct. 380 (1919) (overhang of truck body).

---

[2] It was arguable, however, that the skid marks were made only after the driver realized that the plaintiff had been struck.

The trial court's charge completely precluded this determination of liability, thus taking from the jury a function which was properly theirs. Interestingly, the converse situation was presented in *Auerbach v. Phila. Transp. Co.*, 421 Pa. 594, 601, 221 A. 2d 163, 169 (1966), where the requested instruction was: "If you find that the bus was traveling at all times in the street and not on the sidewalk your verdict must be for the defendant." The Court concluded that affirmance of this point would have been error because it would have precluded a determination of liability by the jury based upon an overhanging portion of the vehicle.

Our courts have repeatedly stated the twofold duty of a trial judge in charging a jury: (1) he must make an accurate statement in plain language of the applicable principles of law; and (2) he must accurately, impartially, without prejudice to any litigant and without usurping the jury's function, assist the jury in applying these principles to the facts of the case before them. *Kimmel v. Yellow Cab Co.*, 414 Pa. 559, 201 A. 2d 417 (1964). As noted above, presiding over this trial was a difficult job at best. Nevertheless, we must conclude that the court's charge precluded the jury from deciding a fundamental issue.

Judgment reversed and a new trial granted.

WRIGHT, P. J., would affirm on the opinion of Judge WEIR.