478 A.2d 840

**Elvira BUTLER**

v.

**Anthony DeLUCA, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 24, 1984.

Filed June 15, 1984.

Petition for Allowance of Appeal Denied Oct. 2, 1984.

Severin A. Russo, Pittsburgh, for appellant.

Sara J. Klein, Pittsburgh, for appellee.

Before WIEAND, TAMILIA and POPOVICH, JJ.

WIEAND, Judge:

A jury in Allegheny County found that Anthony DeLuca was not the biological father of a son born to Elvira Butler on September 8, 1977. A three judge court en banc, with the trial judge dissenting, awarded a new trial because of trial errors. DeLuca appealed. We affirm.

Ms. Butler testified during trial that she had met DeLuca in the summer of 1976. Commencing in the latter part of July and continuing until the first week of December, but with the exception of several weeks in October,[1] she and

1. According to Ms. Butler's testimony, she discontinued her relationship with Mr. DeLuca in early October but resumed it at the end of the same month.

DeLuca maintained a relationship which included sexual activity on a regular, almost daily, basis. While the relationship continued, she said, she did not engage in sexual relations with any other person. She testified that her pregnancy was not discovered until after her relationship with DeLuca had been terminated in December, 1976. When the child was born, Butler caused DeLuca to be listed as father on the birth certificate. The child was named Anthony Gino DeLuca, allegedly for his father. Medical testimony, based on the results of HLA bloodtesting, demonstrated a 96.4 percent probability that DeLuca was the biological father of the child.

DeLuca denied paternity. He testified that he had had no more than four sexual encounters with Butler and that the last of these had occurred on October 31, 1976. He contended that he had had no sexual relations with Butler during the period of possible conception. He was the sole witness for the defense. He testified that others had had access to and had been on intimate terms with appellee. His testimony in this respect can be summarized as follows: (1) On September 25, 1976, DeLuca peered through a window adjacent to the door of Butler's dwelling and observed Butler and an unidentified male, both of whom were nude on the couch in the living room; (2) Butler told DeLuca she had a boyfriend, a "motorcycle gangster," whom she intended to marry and with whom she had had a late night date in the latter part of October; (3) Butler was "messing around" with men who congregated on a corner across from the apartment in which she lived, who were described by DeLuca as up to "100 Italians;" and (4) Butler told DeLuca that in late November and early December, she had been "stay[ing] overnight" with her mathematics teacher in order to achieve graduation from a Manpower school in which she was enrolled.

■ "A grant of a new trial is a matter within the sound discretion of the trial court. The ... court's grant of a new trial will not be disturbed on appeal 'unless there has been a

clear abuse of discretion or an error of law which controlled the grant of a new trial.' " *Sindler v. Goldman,* 309 Pa.Super. 7, 11, 454 A.2d 1054, 1056 (1982), quoting *Crosbie v. Westinghouse Elevator Co.,* 297 Pa.Super. 304, 307, 443 A.2d 849, 850 (1982). See: *Gilligan v. Shaw,* 441 Pa. 305, 307, 272 A.2d 462, 464 (1971); *Anzelone v. Jesperson,* 436 Pa. 28, 30, 258 A.2d 510, 510 (1969); *Fisher Sprinkler Co. v. Ide,* 305 Pa.Super. 554, 558, 451 A.2d 1015, 1017 (1982); *McDevitt v. Terminal Warehouse Co.,* 304 Pa.Super. 438, 442, 450 A.2d 991, 993 (1982). Moreover, a reviewing court may affirm the decision of the trial court if the result is correct on any ground without regard to the grounds relied upon by the trial court. *E.J. McAleer & Co. v. Iceland Products, Inc.,* 475 Pa. 610, 613 n. 4, 381 A.2d 441, 443 n. 4 (1977); *Gwinn v. Kane,* 465 Pa. 269, 279 n. 12, 348 A.2d 900, 905 n. 12 (1975); *Mazer v. Williams Bros. Co.,* 461 Pa. 587, 593 n. 6, 337 A.2d 559, 562 n. 6 (1975); *Leasing Service Corp. v. Benson,* 317 Pa.Super. 439, 455–456, 464 A.2d 402, 410 (1983); *Pullium v. Laurel School District,* 316 Pa.Super. 339, 346 n. 7, 462 A.2d 1380, 1383 n. 7 (1983).

 The court en banc held that it had been error for the trial court to permit "testimony of Plaintiff's alleged sexual activity with unnamed individuals." This holding was too broad. In cases such as this, "a fact extremely important in the inquiry is whether the mother of the child had connection with others than the defendant at or about the time the child was begotten." *Commonwealth v. Young,* 163 Pa.Super. 279, 283, 60 A.2d 831, 833 (1948), quoting *Commonwealth v. Rex,* 147 Pa.Super. 121, 123, 24 A.2d 98, 99 (1942). The fact that some of the persons referred to in DeLuca's testimony were unnamed and not clearly identified was a fact which could be considered by the jury in determining the credibility and weight of the evidence. However, it did not render the evidence incompetent or inadmissible. Moreover, as the trial judge observed in his dissenting opinion, the teacher had been sufficiently

identified, and the testimony of admissions pertaining to the motorcyclist had been given at trial without objection.[2]

■ After the evidence had been received, however, it became the duty of the trial court to explain the function and significance of the evidence to the jury. The purpose of jury instructions "is to furnish guidance to the jurors, by stating and explaining the law of the case, clarifying the issues of fact and pointing out the essential facts which must be established. Clarification of the issues is necessary to enable the jurors to comprehend the issues which they are to decide, and to assist them in applying the law to the issues." 10 Std.Pa.Prac. § 59:1. See also: *Kimmel v. Yellow Cab Co.,* 414 Pa. 559, 201 A.2d 417 (1964); *Hronis v. Wissinger,* 412 Pa. 434, 194 A.2d 885 (1963); *Bromberg v. Gekoski,* 410 Pa. 320, 189 A.2d 176 (1963); *Russell v. Helm's Express, Inc.,* 221 Pa.Super. 292, 293 A.2d 78 (1972).

In this case, although the court instructed the jury regarding burden of proof and credibility of witnesses, it did little more. It did not review the issues or the applicable law, except to tell the jury that it should decide whether DeLuca was the father of Butler's child.

Appellee had submitted several written requests for instructions, but they were refused. Among the points submitted and refused, whose omission was cited as error, were the following:

6. The Courts in this Commonwealth have found that a live birth will occur between 220 and 330 days after conception. Therefore, you are to consider evidence of sexual activity of the parties between October 13, 1976 and January 30, 1977. [ ] *Commonwealth v. Watts,* 179 Pa[.]Super[.] 398, 116 A.2d 844 (1955).

**2.** The possible exclusion, on grounds of irrelevancy, of testimony pertaining to observations made by appellant on September 25, 1976, almost a year prior to birth of the child, was not preserved by counsel or discussed by the court en banc. We, too, do not consider the possible exclusion of such evidence.

7. You have seen Anthony Gino DeLuca, the child who is the subject of this action. In reaching your decision, you may consider any physical resemblance between this child and the Defendant, Mr. DeLuca.

■■■■ As a general rule, the refusal to give a proper instruction requested by a party is ground for a new trial unless the substance thereof has otherwise been covered by the court's general charge.[3] See: 28 P.L.E., New Trial § 30. See also: *Commonwealth v. McComb*, 462 Pa. 504, 341 A.2d 496 (1975); *Pleasant v. Carr*, 387 Pa. 634, 130 A.2d 189 (1957); *McGowan v. Devonshire Hall Apartments*, 278 Pa.Super. 229, 420 A.2d 514 (1980); *National Products Co. v. Atlas Financial Corp.*, 238 Pa.Super. 152, 364 A.2d 730 (1975). Even though a requested instruction is technically incorrect, it may nevertheless be adequate to alert the trial judge to an issue which requires clarification or additional instruction. See: *McGowan v. Devonshire Hall Apartments, supra*, 278 Pa.Superior Ct. at 242, 420 A.2d at 520; 38 P.L.E. Trial § 313.

■■■■ Butler's medical records were received in evidence and disclosed that her last menstrual period had occurred November 14, 1976; that the initial estimated date of delivery had been August 21, 1977; and that the final diagnosis had been "40 weeks, delivered, pregnancy." This evidence warranted an instruction, as appellee had requested, regarding the estimated period during which conception could have occurred and the period during which her sexual activity would be relevant in determining paternity. Whether Butler had sexual relations with DeLuca or with third persons at or about the time when conception was possible was a critical area of inquiry. See: *Commonwealth ex rel. Lonesome v. Johnson*, 231 Pa.Super. 335, 331 A.2d 702 (1974); *Commonwealth v. Rankin*, 226 Pa.Super. 37, 311 A.2d 660

3. It is unnecessary to take a specific exception in order to preserve for review the trial court's refusal to give a requested instruction. *Brancato v. Kroger Co.*, 312 Pa.Super. 448, 458 A.2d 1377 (1983). See: *Broxie v. Household Finance Co.*, 472 Pa. 373, 372 A.2d 741 (1977).

(1973); *Commonwealth v. Boggio*, 204 Pa.Super. 434, 205 A.2d 694 (1964); *Commonwealth v. Harbaugh*, 201 Pa.Super. 360, 191 A.2d 844 (1963); *Commonwealth v. Boas*, 181 Pa.Super. 285, 124 A.2d 178 (1956); *Commonwealth v. Sloan*, 177 Pa.Super. 178, 110 A.2d 827 (1955). Therefore, either party was entitled to request an instruction regarding the period during which sexual activity of the parties was relevant to the paternity issue.

■ Because the court did not in any way instruct the jury in this respect, the jury was free to consider as substantive evidence of appellant's non-paternity, the testimony that appellant saw appellee nude on a couch with an unidentified male on September 25, 1976. According to the testimony in this case and the law stated in decisions of this Court, this incident could not have been within the period of possible conception. See: *Commonwealth v. Watts, supra; Commonwealth v. Young, supra.* Although an instruction on this aspect of the case had been requested, it was not given. This was error.

■ The trial court had permitted Butler to display the child to the jury, over DeLuca's objection, for the purpose of enabling the jury to observe similarities, if any, between the physical features of the child and those of the putative father. It was appropriate, therefore, that the jury be instructed regarding the use which it could make of this evidence. Appellee requested an instruction consistently with existing law. See: *Commonwealth ex rel. Lonesome v. Johnson, supra; Commonwealth v. Pearl*, 33 Pa.Super. 97 (1907). To refuse to instruct the jury on this rule, after being requested to do so, was error.

■ The trial court did not instruct the jury at any time regarding the matters suggested by appellee's points for charge. This failure required that a new trial be granted.

The order granting a new trial is affirmed.