RODGERS, J.,
This matter is before the court by reason of the preliminary objections of plaintiff, Andrea Jones, to new matter of the original defendants, Angalene J. Madison and Allstate Insurance Company. The new matter of the original defendants claimed that plaintiff, Andrea Jones, was negligent in failing to utilize the seat belt and shoulder harness available to her as a guest passenger in the automobile operated by the original defendant, Angalene J. Madison, and that thereby plaintiff, Andrea Jones, was comparatively negligent and also assumed the risk of injury in failing to utilize the seat belt and shoulder harness.
Plaintiff claims that the “seat belt” defense is barred by section 5 of the Act of November 23, 1987, P.L. 399, no. 82, 75 Pa.C.S. §4581, effective immediately.
Plaintiff, Andrea Jones, suffered personal injury while a passenger in the automobile being operated by defendant, Angalene J. Madison, in an accident *170 which occurred in Donora, Pennsylvania, on August 16, 1987, prior to the effective date of the 1987 amendments to the Child Passenger Protection Act.
In Grim v. Betz, 372 Pa. Super. 614, 539 A.2d 1365 (1988), the Superior Court said this:
“Appellants contend that the trial court erred in finding that their request to amend, in order to plead a ‘seat belt defense,’ was contrary to a positive rule of law. Appellants cite to the decision in Parise v. Fehnel, 267 Pa. Super. 79, 406 A.2d 345 (1979), in support of their position that the availability of a ‘seat belt defense’ remains an open question in Pennsylvania. In Parise, a panel of this Court held that, in the absence of expert testimony demonstrating a causal connection between the plaintiff’s injuries and the plaintiff’s failure to wear a seat belt, it was not error on the part of the trial court to refuse to instruct the jury that the failure to use a seat belt could be evidence of contributory negligence on the issue of damages. . . . However, Parise also contained the following language with respect to the existence, per se, of a ‘seat belt defense’:
“ ‘Our decision today should not be seen as foreclosing the possibility of a so-called “seat belt defense” in future cases. . . . [t]he New Jersey Superior Court said that it might have allowed the defendant a seat belt defense if he had introduced expert testimony showing a relationship between the plaintiff’s injuries and his failure to use seat belts (cites omitted) . . . That is our position.’ (emphasis supplied)
“Id. As such, it would appear that appellants are substantially correct in their assertions that the trial court’s decision to preclude amendment to plead a ‘seat belt defense,’ as contrary to law, was erroneous on the basis of the state of the law on March 31, 1986.
*171 “However, a reviewing court may affirm the decision of the trial court if the result is correct on any ground, without regard to the grounds relied upon by the trial court. Butler v. DeLuca, 329 Pa. Super. 383, 478 A.2d 840 (1984). Moreover, it is well settled that an intervening change in the law must be applied to cases which are in the throes of direct appeal when the change occurs. Leland v. J.T. Baker Chemical Co., 282 Pa. Super. 573, 423 A.2d 393 (1980). We find that an intervening change in the law has occurred which mandates affirmance of the trial court’s denial of permission to amend.
“On November 23, 1987, the availability of a "seat belt defense’ in Pennsylvania, ceased to be an open question, with the passage of Act 82 of 1987. Section 5 of that Act amends the Child Passenger Protection Act, 75 Pa.C.S. §4581-85, to become the Occupant Protection Act. . . .
“As section 11 of Act 82 states that the amendments to section 102 and section 4581 ‘take effect immediately’ upon passage of the Act, we conclude that Act 82 of 1987: Act of November 23, 1987 is controlling, and precludes the amendment of appellants’ answer to plead a ‘seat belt defense’ in new matter as comparative negligence. Such amendment is now contrary to a positive rule of law, and cannot be permitted.”
In Grim v. Betz, supra, the automobile accident occurred on May 26, 1983, prior to the effective date of the 1987 amendments to the Child Passenger Protection Act. Plaintiff relies upon Grim v. Betz as their controlling authority that the “seat belt” defense cannot be raised by defendant.
However, in the case of Stouffer v. Commonwealth, Department of Transportation, 127 Pa. Commw. 610, 562 A.2d 922 (1989), the plaintiffs were injured when their automobile collided with *172 the defendant Neuder’s automobile on January 18, 1985. On November 23, 1987, defendant Neuder sought leave to amend her new matter to raise the “seat belt” defense. The trial court denied the request on the basis that the failure to use seat belts was not a recognized defense in this Commonwealth. The Commonwealth Court vacated the trial court’s order and remanded for further proceedings. The Commonwealth Court based its decision on whether or not the 1987 amendments were to be applied retroactively, an issue not specifically raised in the Grim v. Betz case.
In arriving at its decision that the amendments could not be applied retroactively, the Commonwealth Court (Palladino, J. dissenting) said this:
“The Stouffers here argue that the present case is controlled by Grim. Neuder, on the other hand, argues that the Superior Court never discussed the question of the retroactive application of the 1987 amendments and viewing the question in terms of retroactivity leads to a conclusion that the amendment should be allowed.
“The question of ‘retroactive’ application of legislation is governed by the following concepts. ‘No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly.’ 1 Pa.C.S. §1926. We have stated, ‘[WJhere [legislation] concerns merely the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage. . .’ Universal Cyclops Steel Corp. v. Krawczynski, 9 Pa. Commw. 176, 183, 305 A.2d 757, 761 (1973) (citing Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 166, 110 Atl. 731, 732 (1920)). Although the line of demarcation between substance as opposed to mere procedure is indeed a hazy one, we have no hesitation in holding that a legislative determination that certain conduct *173 cannot be considered in a negligence case is substantive and not mere procedure.
“No citation is required foi the well recognized concept that questions of duty in tort cases are questions of law. We do not dispute that the legislature can define duties in this regard. It is also beyond dispute that the courts can also decide what duties are in existence. Although we need not decide here if expert testimony is required to prove that the úse of seat belts affects the severity of injuries in auto accidents, we believe that at the time of this accident the Stouffers had a duty to wear the seat belts. See McKee. Given our view that at the time of this accident, there was a legal duty to wear seat belts and the 1987 amendments cannot be applied to this litigation, we can see no reason for not allowing the amendment to these pleadings.” Stouffer, supra.
A similar issue was presented in the case of Costa v. Lair, 241 Pa. Super. 517, 363 A.2d 1313 (1976), in which the Superior Court held that the Comparative Negligence Act which was effective on September 7, 1976 was not to be applied in any case in which the cause of action arose prior to that date.
The Superior Court said this:
“On September 24, 1985, the appellee filed an action in trespass against the appellant for personal injuries arising from an automobile accident which occurred on August 1, 1975. Although the appellee’s cause of action arose prior to the effective date of the recent act of the Pennsylvania General Assembly which adopted the doctrine of comparative negligence, the lower court ordered that the legislative act ‘. . .is hereby to be applied retroactively in this action; and alternatively ... if the [act] ... is declared to apply only prospectively, the judge-made common-law doctrine of the contributory neg *174 ligence is hereby abrogated and the comparative negligence doctrine is to be applied to this case. . . .’ The appellant contends that the lower court erred by precluding her from asserting contributory negligence as a defense to the instant action. We reverse the orders of the lower court and hold that the law of comparative negligence is not to be applied to any case in which the cause of action arises prior to September 7, 1976, the effective date of the Comparative Negligence Act no. 152.
“After careful examination of the Comparative Negligence Act no. 152, we are convinced that the Act is to be applied prospectively rather than retroactively. There is no provision in the Act which indicates that it was intended to apply to causes of action arising prior to its passage. The Pennsylvania Supreme Court has stated it to be a fundamental rule of statutory construction that c. . . statutes, other than those affecting procedural matters, must be construed prospectively except where the legislative intent that they shall act retrospectively is so clear as to preclude all question as to the intention of the legislature (citations omitted).’ Farmers National Bank & Trust Co. v. Berks County Real Estate Co., 333 Pa. 390, 393, 5 A.2d 94, 95 (1939). This principle has been promulgated as law by our legislature in 1 Pa.C.S. §1926, which provides: ‘No statute shall [be] construed to be retroactive unless clearly and manifestly so intended by the General Assembly.’ It is also axiomatic that: ‘Retrospective laws may be supported when they impair no contract and disturb no vested right, but only vary remedies, cure defects in proceedings otherwise fair, and do not vary existing obligations contrary to their situation when entered into and when prosecuted.’ Smith v. Fenner, 399 Pa. 633, 641, 161 A.2d 150, 154 (1960), quoting Barnesboro Borough v. Speice, 40 Pa. Su *175 per. 609, 612 (1909). To be applied retroactively, a statute must not affect a ‘substantive right.’ See Smith v. Fenner, supra.
“Prior to the effective date of the Act, a plaintiff was required to be free of any personal fault contributing to his injury in order to establish liability in a civil action for negligence. ‘Contributory negligence is a defense because it introduces into a case a new cause of plaintiff’s injury making defendant’s’ negligence no longer the legal cause.’ Elliott v. Philadelphia Transportation Company, 356 Pa. 643, 648, 53 A.2d 81, 83 (1947). Under the Act, however, a plaintiff whose negligence is less than that of the defendant is not precluded from recovery due to his contributory negligence, but is allowed recovery reduced by the proportion of his fault. Thus, if applied retroactively, the Act would create legal liability for damages which did not exist at the time the accident occurred.” Costa, supra.
Similarly, in the case at bar, there is no language which indicates that it was intended to apply to causes of action arising prior to its passage. Accordingly, the preliminary objections of plaintiff must be dismissed. However, this court recognizes there is substantial ground for difference of opinion and will so state in this order.
ORDER OF COURT
And now, July 9, 1990, the preliminary objections of plaintiff to new matter of the original defendants raising the “seat belt” defense are dismissed. This order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the matter.