Commonwealth *v.* Jodlowsky, Appellant.

Argued March 8, 1948. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent.)

*Leland W. Walker,* for appellant.

*Thomas F. Lansberry,* District Attorney, for appellee.

OPINION BY FINE, J., July 23, 1948:

Frank Jodlowsky, appellant, was indicted and convicted by a jury of fornication and bastardy and sentenced to support the child. Appellant now questions the sufficiency of the evidence to support the conviction. The judgment of sentence as to bastardy must be reversed.

Lucille Whitfield, nineteen years of age, testified that she first became acquainted with appellant in October, 1945, when he was home on a furlough from the armed services, and that between December, 1945, when appellant was discharged from the service, and April, 1946, she was with him on an average of three times a week, during which period they engaged in three acts of intercourse. In April, 1946, appellant obtained employment in Detroit, Michigan, where he remained until August, 1946, when he returned to Somerset County on a short visit. She further testified that on August 19, 1946, she met the appellant in Boswell, Somerset County, as she was coming out of a theatre; that she went back into the movie and that he followed her; that after they left the theatre they went for a drive into the country; that she had relations with him that evening and as a result a child was born to her on April 28, 1947. Three months later, in November, 1946, appellant returned home from Detroit and she then informed appellant of her pregnancy. He denied paternity. A doctor called by the Commonwealth testified that he examined her on September 22, 1946, which examination revealed pregnancy; that he delivered her of a normal child on April 28, 1947.

Appellant testified on his own behalf and denied having any sexual relations on August 19, 1946, as charged, or at any other time; that on said date he was in the company of three other men; that he saw Miss Whitfield that night but was never alone with her, as he remained in the company of his three friends for the balance of the evening;[1] and that he never saw her again until November, 1946.

The prosecuting witness was asked on cross-examination whether she knew Louis Bennes and after affirmatively replying she admitted responsively that she had sexual relations with him "About the first week in June," 1946. Then followed this colloquy: "By Mr. Walker: . . . Q. Did you have sexual relations with any other men during the month of July 1946? By Mr. Lansberry: This is objected to unless you name the man. By the Court: Objection sustained unless you name the party. By Mr. Walker: Q. DeLuca? A. I know him to talk to him, but I wasn't with him." The appellant assigns as error the ruling of the trial judge restricting the cross-examination of the witness's sexual relations with a person, other than defendant, by requiring the examiner to name the man involved. However, the defendant noted no exception to the said ruling.

We overlook but do not condone this procedural infirmity believing that the interests of justice demand a determination of the substantive merits of the record. An accused is not to be visited with paternity of a child because of inadvertence of his counsel to perfect the record where, as here, the medical evidence clearly fails to support the conviction as to bastardy, and the verdict offends against the fundamentals of a fair and impartial trial. *Commonwealth v. O'Brien*, 312 Pa. 543, 546, 168

---

[1] The three companions were not called as witnesses, the defendant explaining that they were unavailable; that one was in the Army, address unknown; that another was in Philadelphia, Pennsylvania; and that the third was in Detroit, Michigan.

A. 244; *Commonwealth v. Deni,* 317 Pa. 289, 292, 176 A. 919.

The medical testimony quoted in full reads as follows: "Q. Is the child normal? A. Normal. Q. Dr. Houpt, what is the usual period of gestation in humans? A. The usual is 280 days. Q. May that vary either way? A. It may. Q. Approximately how much? A. You mean for what? Q. I mean for a normal nine months' pregnancy? A. 280 days, it may vary anywhere from 260 to 340 days. Q. As much as twenty days before and 340 afterwards? A. Yes. Q. Approximately then 2½ weeks before and sometime after the 280 days? A. That is right." The cross-examination of the doctor in its entirety reads as follows: "Q. Doctor, in your profession you haven't run across any of those unusual cases yourself, have you? A. No. Q. What you are talking about is from text book recitals of a special period of pregnancy varying from twenty days before, mother nature fixes it from 270 to 280 days, isn't that right? A. That is right."

The court below and the Commonwealth both conceded that the period of gestation which would result from the alleged intercourse of the appellant would be 252 days. This being so it clearly appears that in light of the meagre and incomplete medical testimony appellant was not the father of the child. Any intercourse by appellant was not within the period of gestation as testified to by the medical witness, to wit, 260 to 340 days. Moreover, the prosecuting witness testified she had sexual intercourse with Louis Bennes in June, 1946, which was within the period of gestation fixed by Dr. Houpt. Hence, the medical testimony not only absolves the defendant but tends to implicate another. As each case must be decided on its own record, our discussion does not conflict with *Commonwealth v. Young,* 163 Pa. Superior Ct. 279, —— A. 2d ——. We are bound by this medical testimony. The following language of Judge HIRT in *Commonwealth v. Rex,* 147 Pa.

Superior Ct. 121, 124, 24 A. 2d 98, is pertinent here: "In the interests of the liberty of the citizens a court may and, in a proper case, should declare the evidence insufficient to convict. Pauli v. Com., 89 Pa. 432; Krause v. Com., 93 Pa. 418; Com. v. Bone, 64 Pa. Superior Ct. 44. A jury cannot be permitted to guess. Even in a civil case where the burden of proof is upon a plaintiff to establish certain facts before recovery can be had and his testimony is so contradictory as to present to a jury no basis for a finding except upon mere conjecture, a nonsuit is properly entered. Goater v. Klotz, 279 Pa. 392, 124 A. 83; Musleva v. Patton Clay M. Co., 338 Pa. 249, 12 A. 2d 554. There is much stronger reason for the application of this principle in a criminal case where the burden is upon the Commonwealth of proving the guilt of the defendant beyond all reasonable doubt."

It is unnecessary therefore to examine the propriety of cross-examination of the mother raised by other assignments of error in view of the disposition we herewith make.

Judgment of sentence as to bastardy is reversed, and the record is remitted for resentencing the defendant on the conviction of fornication alone.