## Commonwealth *v.* Dean, Appellant.

Argued October 3, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*James M. Wolfson,* for appellant.

*Samuel Dash,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District Attorney, *Malcolm Berkowitz,* Assistant District Attor-

ney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY ROSS, J., January 20, 1953:

On April 29, 1952, the defendant, Henry Dean, was convicted by a jury on a charge of fornication and bastardy, and on the same day—no motion for new trial or arrest of judgment having been made—was, inter alia, ordered by the court to contribute to the support of the child. The defendant entered bond for compliance with the order of support.

On June 6, 1952, he filed a petition for a blood grouping test under the provisions of the Act of May 24, 1951, P. L. 402, 28 PS sec. 306, which provides: "In any proceeding to establish paternity, the court, on motion of the defendant, shall order the mother, her child and the defendant to submit to one or more blood grouping tests by a duly qualified physician to determine whether or not the defendant can be excluded as being the father of the child, and the results of such tests may be received in evidence but only in cases where definite exclusion of the defendant is established." The court below refused to grant the prayer of the petition on the ground that it was too late and the defendant took this appeal. The appeal is devoid of merit and the order of the court below will be affirmed.

It will be noted that defendant's petition was presented 38 days after final judgment. He contends that since it was filed within the time allowed for taking an appeal to this Court, it was timely, his argument being that when the legislature used the word "proceeding" it meant that a motion for blood tests might be made at any time before final determination, i.e., from preliminary hearing to final disposition by an appellate court.

Without question, the word "proceeding", standing alone, is broad enough to cover each step or all steps in a criminal action from commencement to final termination. The inquiry is, however, at what *stage* of the *proceeding* did the legislature intend that a defendant should file his motion for a blood grouping test. The answer, it seems to us, is perfectly obvious. The purpose of compelling the mother and child to submit to such tests is to provide the defendant with results which may, if they exculpate him, "be received in evidence". That purpose could be accomplished only if the tests were made and the results available at the trial. It is certain that the legislature never intended to grant the defendant the right to reopen the trial 38 days after a verdict and sentence entered thereon.

Order affirmed.