Commonwealth *v.* Gromo, Appellant.

Argued April 22, 1958; reargued April 14, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Gaylord W. Greenlee,* with him *McCune and Greenlee,* for appellant.

*Thomas J. Terputac,* Assistant District Attorney, with him *P. Vincent Marino,* First Assistant District Attorney, and *Michael A. Hanna,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., September 16, 1959:

The defendant has appealed from his sentence after conviction by a jury on a charge of fornication and bastardy. He contends that the court below erroneously refused both his motion in arrest of judgment and his motion for a new trial.

At the trial, Dr. Howard Quittner, a qualified pathologist of Washington, Pa., testified for the defendant that the results of blood grouping tests made of the defendant, the prosecutrix, and the child established that the defendant could not have been the father of the child. The integrity and competency of the physician, and the accuracy of the tests were not questioned.

For the reasons set forth in *Commonwealth v. Coyle,* 190 Pa. Superior Ct. 509, 154 A. 2d 412, filed herewith, we are granting a new trial. What was said in that case is applicable here.

In the *Coyle* case the defendant was excluded as the father by the A-B-O system of blood grouping. Here the defendant was excluded as the father by the Rh-Hr blood tests. The latter tests are more complicated and were more recently accepted as reliable blood grouping tests than the A-B-O and M-N systems. The Common-

wealth argues that we should not accept these tests, particularly since the A-B-O and M-N tests made in this case did not exclude the defendant as the possible father of the child. The medical literature on the subject of blood testing makes it clear that *each* test *independently* can prove non-paternity, and that an exclusion on the basis of *any one* of the three tests is sufficient to establish that the accused could not be the father. 23 N.Y.U. Law Quarterly Review 159.

An examination of both the legal and the medical authorities convinces us that the Rh-Hr tests are firmly established as reliable, and that along with the A-B-O, and the M-N tests, they should be accepted by the courts of the Commonwealth in proceedings to establish paternity where evidence of the tests is offered under the provisions of the Act of May 24, 1951, P. L. 402, 28 PS §306.

Rh-Hr blood types were discovered by Drs. Alexander S. Weiner and Philip Levine in 1940 after 3 years of intensive research, and the use of the tests to exclude defendants in paternity cases as prospective fathers was held justified by an editorial in 125 Journal American Medical Association 7:495, on June 17, 1944. The tests' reliability was carefully considered by the court in *Saks v. Saks,* 71 N.Y.S. 2d 797 (1947) which held the Rh exclusion test to be conclusive. See also *Cuneo v. Cuneo,* 96 N.Y.S. 2d 899 (1950) where the court held the Rh-Hr blood grouping tests "positively exclude this plaintiff as the father of the child of the defendant," and *State v. Gray,* 145 N.E. 2d 162 (1957) where the court relied upon an exclusion established by the Rh-Hr test. R. B. H. Gradwohl, M.D., says in Legal Medicine (1954) p. 587, "The writer is convinced of the reliability of exclusions on the basis of the Rh-Hr blood types, and the courts should give decisive evidentiary weight to such exclusions, *equally* with those

based on the A-B-O groups and M-N types." (Emphasis ours).

In *Commonwealth v. Davis,* 183 Pa. Superior Ct. 257, 130 A. 2d 217 (1957), we recognized the validity of the Rh-Hr blood grouping tests.

Further doubt is thrown upon the defendant's guilt by the fact that the Commonwealth's evidence shows that 314 days elapsed between the date of the alleged intercourse and the date of the birth of the child. See *Commonwealth v. Young,* 163 Pa. Superior Ct. 279, 60 A. 2d 831 (1948) ; *Commonwealth v. Jodlowsky,* 163 Pa. Superior Ct. 284, 60 A. 2d 836 (1948) ; *Commonwealth ex rel. Ranjo v. Ranjo,* 178 Pa. Superior Ct. 6, 112 A. 2d 442 (1955) ; *Commonwealth v. Watts,* 179 Pa. Superior Ct. 398, 116 A. 2d 844 (1955).

Judgment of sentence is reversed and a new trial granted.

ERVIN, J., would reverse and discharge the defendant.