STATE EX REL. LYONS, Appellant, v. DE VALK, Respondent.

*No. 230. Argued April 28, 1970.—Decided June 2, 1970.*
(Also reported in 177 N. W. 2d 106.)

For the appellant the cause was argued by *Gerald G. Pagel,* assistant corporation counsel of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *Robert P. Russell,* corporation counsel.

For the respondent there was a brief and oral argument by *Joseph H. Hallows* of Milwaukee.

WILKIE, J. The only issue raised by this appeal is whether in a paternity action where the defendant has made a timely request for blood tests of the parties and the child, and the mother has terminated her parental rights to the child without notice to the defendant, the failure of the complainant to appear with the child for the blood tests was a denial of due process of law to the defendant, and thus grounds for dismissal of the action on the merits.

Paternity actions are special civil proceedings and are purely statutory in origin.[2] Thus they must be carried on in the manner fixed by the legislature.[3] The statute governing blood tests in paternity actions is sec. 52.36, Stats. That statute provides, in part:

"52.36 **Evidence: blood tests.** (1) If it is relevant to the prosecution or defense in a paternity proceeding, . . . the trial court, if requested, shall order that the complainant, her child and the defendant . . . submit to one or more blood tests as provided in sub. (2).

"(2) When the court determines that a blood test is relevant to any proceeding under sub. (1) . . . the court shall, upon request of any party, order that such test be made. . . . All arrangements for such tests shall be made by the party requesting the same and any failure on the part of said party to have said tests performed prior to the date of trial shall be deemed a waiver of said party's right to such tests unless good cause is shown to the contrary. . . .

"(3) Whenever the results of said tests exclude the defendant as the father of the child the same shall be conclusive evidence of such fact and the court shall dismiss said action. . . . Such tests shall be receivable in

---

[2] *State ex rel. Sowle v. Brittich* (1959), 7 Wis. 2d 353, 96 N. W. 2d 337.

[3] *See State ex rel. Lang v. Civil Court* (1938), 228 Wis. 411, 280 N. W. 347.

evidence only in cases where definite exclusion of any person is established. *If any party refuses to submit to such test such fact shall be disclosed upon trial."* (Emphasis added.)

The defendant's right to blood tests which might conclusively prove that he was not the father of the child is recognized by both sides and the trial court as a substantial right.[4] A blood test can provide a conclusive defense. The defendant claims that this right is so important that when he is precluded from exercising it by the complainant's failure to appear for the court ordered blood tests, his constitutional right to due process of law is violated. The remedy for this according to defendant and the trial court is dismissal of the paternity action.

The appellant, on the other hand, argues that the drastic result of dismissal is not required nor even contemplated by the governing statutes. According to appellant, the remedy available to defendant here is that provided by the last sentence of the above-quoted statute: Complainant's refusal to submit to the blood test can be commented on at trial. This argument is untenable. The right to comment at trial on the other party's failure to appear for a blood test hardly offers the defendant the same protection a favorable result in a blood test affords. Moreover, the last sentence of this statute speaks of a party refusing to submit to a blood test. In this case it is not so clear that complainant was still a party within the meaning of this phrase at the time she failed to appear for the blood test. Even the corporation counsel, who presumably was representing her, found it necessary to request a body attachment when she failed to respond to the subpoena for the May 9, 1968, hearing. Clearly, the real party in interest in this case is the county which

---

[4] *See also:* Holz, *The Trial of a Paternity Case,* 50 Marq. L. Rev. (1967), 450 at 479.

is seeking to recover its expenses incurred prior to the child's adoption.

Furthermore, what is involved in the instant case is not only the failure of the complainant to appear for the ordered blood test, but the failure of the child to be produced for such a test.

Accordingly defendant contends, as a remedy supplementary to his right to comment at the trial on complainant's refusal to take the required blood test, that to deny him the right to both these important blood tests is to deny him due process of law. Due process must be afforded parties in paternity actions just as in all other proceedings affecting the rights of individuals.[5]

Fair play is an important factor in the consideration of due process of law.[6] Truly, the concern of due process is fundamental fairness.[7] Here, defendant did all that was possible, indeed, all that was required to obtain the blood tests under the statute. He twice made arrangements for the tests. His request for the blood tests was timely in that the first request was made before the child was even born. The fact that he did not arrange to have the child appear at a clinic for a blood test at a different time from when he and the complainant were to appear, thereby avoiding the necessity to disclose the identity of the adoptive parents,[8] does not indicate that defendant, as the party requesting the blood tests, failed in his duty to arrange the tests. The defendant did not know of the termination of complainant's parental rights and the subsequent placement of the child for adoption. Even at the

---

[5] See e. g., State ex rel. White v. Simpson (1965), 28 Wis. 2d 590, 137 N. W. 2d 391; State ex rel. La Follette v. Moser (1966), 30 Wis. 2d 56, 139 N. W. 2d 632.

[6] See General Electric Co. v. Wisconsin Employment Relations Board (1958), 3 Wis. 2d 227, 88 N. W. 2d 691.

[7] Cox v. Burke (7th Cir. 1966), 361 Fed. 2d 183, certiorari denied, 385 U. S. 939, 87 Sup. Ct. 304, 17 L. Ed. 2d 213.

[8] See Holz, supra, footnote 4, at page 479.

time the complainant (and child) failed to appear for the first scheduled blood test, the defendant did not know the child had been placed for adoption.

Fundamental fairness leads us to conclude that defendant did all he could to take advantage of the statutorily created right to the blood tests. To preclude him from exercising that right is a violation of due process. The importance of the right was recognized by Judge FIORENZA, when he said:

"This is a voluntary act on the part of the complainant to place the child for adoption. She has to give her consent to adopt the child.

"There is no prohibition that this court knows that there couldn't be some arrangements made at the time that she gives up her consent for the child to be brought to a clinical laboratory for the taking of a blood test; but here you strip the defendant of a valid, and about one of the only true defenses in a paternity case, except credibility. You strip him of this remedy of a blood test, which if it does exclude the defendant, the statute says that the court 'shall' dismiss the case, and the complainant is taking this remedy away from him completely."

Appellant argues that a decision like this would have the effect of foreclosing a claimant from recovery in cases where the child has died,[9] or has been adopted. This may or may not be true. It would seem that some sort of notice could be given to the alleged father of a child if the child is going to be placed for adoption and the mother is contemplating bringing or has brought a paternity action. This would give the alleged father an opportunity to obtain a blood test of the child prior to adoption.

*By the Court.*—Judgment affirmed.

HALLOWS, C. J., took no part.

---

[9] *See* sec. 52.37, Stats.