NEU'S SUPPLY LINE, INC., and another, Appellants, v. DEPARTMENT OF REVENUE and another, Respondents.

*No. 210.   Argued September 13, 1971.—Decided October 5, 1971.*
(Also reported in 190 N. W. 2d 213.)

For the appellants there was a brief by *Niebler &
Niebler* and *John H. Niebler,* all of Menomonee Falls, and
oral argument by *John H. Niebler.*

For the respondents the cause was argued by *Allan P.
Hubbard,* assistant attorney general, with whom on the
brief was *Robert W. Warren,* attorney general.

WILKIE, J. Three issues are raised on this appeal:

1. Did the Department of Revenue establish it had a legitimate and relevant purpose in subpoenaing the corporation's records?

2. Did the department abuse process or harass the taxpayer in issuing the subpoena?

3. Did the commission follow the proper procedure in passing upon appellant's petition?

*Did the Department of Revenue establish it had a legitimate and relevant purpose in subpoenaing the corporation's records?*

A. *Standard of showing required for subpoena of corporation's records.*

In the first *Neu's Supply Line Case* [2] this court declared:

"The issuing of the subpoena under the facts of this case should depend upon the determination by the department, in the exercise of its prudent judgment, that it had a legitimate and relevant purpose in so doing."

This was the rule followed by the Supreme Court of the United States in *United States v. Powell,*[3] a case virtually identical to the present appeal, decided upon the appropriate federal statutes relating to the power of the Internal Revenue Service to subpoena business records. This rule has been adopted by Davis in his treatise on administrative law.[4] It is thus clear that on remand the department was called upon to make a showing before the commission (1) that the investigation was pursuant to a legitimate purpose, and (2) that the documents were relevant to that purpose.

---

[2] *Id.* at page 591.

[3] (1964), 379 U. S. 48, 57, 85 Sup. Ct. 248, 13 L. Ed. 2d 112.

[4] 1 Davis, *Administrative Law Treatise,* p. 181, sec. 3.05; *see also: Oklahoma Press Publishing Co. v. Walling* (1946), 327 U. S. 186, 208, 66 Sup. Ct. 494, 90 L. Ed. 614.

B. *Procedure to be utilized in proving lawful purpose and relevancy.*

In the first appeal in this case, this court said that the determination of whether the subpoena should be quashed raised a question of law.[5] Appellant contends that because the issue has been designated a "question of law," "the subpoena itself [must] on its face nakedly satisfy [the requirement]." It is therefore its position that the evidence and testimony beyond that on the face of the subpoena were improperly considered by the commission and by the circuit court and are irrelevant. We find no authority for this position.

Appellant's interpretation of what constitutes a question of law is too restrictive. While relevancy is to be considered when issuing a subpoena duces tecum, that relevancy need not appear on the face of the subpoena.[6] Where there is a factual dispute, the only means available to settle the dispute is the presentation of evidence.[7] It was entirely proper for the commission to take evidence even though it was at the time deciding a question of law.

In arguing that the subpoena must show on its face the factual basis for its issuance, appellant would thus deprive itself of the right to confront and cross examine those giving evidence against it, and it would favor the department issuing a "naked subpoena" asserting alleged evidence. The procedure utilized in this case required the department to produce its evidence and afford the taxpayer the right of cross-examination. We think this procedure proper and protective of both the responsibilities of the department and the rights of the taxpayer.

---

[5] *Supra*, footnote 1, at page 591.

[6] *Nashban Barrel & Container Co. v. Parsons Trucking Co.* (1971), 49 Wis. 2d 591, 611, 182 N. W. 2d 448, citing *State ex rel. St. Mary's Hospital v. Industrial Comm.* (1947), 250 Wis. 516, 27 N. W. 2d 478.

[7] 31 C. J. S., *Evidence*, p. 815, sec. 2.

C. *Did the department sustain its burden?*

1. *As to legitimacy of purpose*. The legislature has seen fit to give broad powers to the Department of Revenue to regulate the payment of state income taxes. Secs. 71.11 and 73.03, Stats., consist of more than 70 subsections enumerating authority given the department over virtually every aspect of income tax collection. Secs. 71.11 (9) and 71.11 (20) give the department the power to require the taxpayer to produce records in order to verify his tax return. The broad scope of the statutory grant and the specific provisions of secs. 71.11 (9) and 71.11 (20) leave no doubt but that the department was proceeding pursuant to a lawful and legitimate purpose in issuing the challenged subpoena.

2. *As to relevancy*. In the present action the department is barred by sec. 71.11 (21) (bm), Stats., from making any additional assessments against either Roman Neu or the corporate taxpayer, except, pursuant to sec. 71.11 (21) (c), if the department can prove intent to defeat or evade the income tax. Thus the only viable action against either the individual or corporate taxpayer that the investigating department can take would ultimately require a showing of intent to defeat or evade the tax.

Appellant argues that because of this limitation the department must show such intent at the time the subpoena is issued. No such intent has been shown in this case. Indeed, there is no proof that the corporate taxpayer has understated its tax liability, intentionally or otherwise. But appellant has understated the department's authority to investigate. While it is true that ultimately the department will have to prove intent to evade or defeat the income tax, at the present stage in the proceedings all the department must do is show that the requested documents may be relevant to that ultimate issue. Both the commission and the circuit court found the requested records to be relevant to an investigation

for possible tax evasion. This conclusion is amply supported by both the record and by common sense. Whatever other element must be shown, the department would certainly have to establish that the taxpayer had understated its tax liability for the period in question. The requested documents would not only be relevant, they would be essential, to prove such understatement. The issuance of the subpoena was entirely proper.

*Did the Department of Revenue abuse process or harass the taxpayer in issuing a subpoena for the corporation's records?*

The corporation asserts that the department has harassed its officers and Roman Neu for a period exceeding fifteen years and that the challenged subpoena constitutes an abuse of process. This assertion must be considered in the factual context of the case. In 1954 the corporation was required to pay a doomage assessment. In both 1955 and 1956 Roman Neu was required to pay an additional tax assessment. Although Roman Neu died in 1959, the actual size of his estate was not revealed until late 1963 or early 1964, at which time the department began its income tax investigation. It appears that since the date of the service of the subpoena in May, 1966, the department has done nothing to delay the proceedings.

In *Maniaci v. Marquette University*,[8] we adopted the definition of abuse of process in the Restatement of Torts. "One who uses a legal process, whether criminal or civil, against another to accomplish a purpose for which it is not designed . . . ."[9] There is no evidence whatsoever in this record that the department had any motive in subpoenaing the records other than the investigation of possible tax evasion. There is no abuse of process here.

[8] (1971), 50 Wis. 2d 287, 184 N. W. 2d 168.
[9] *Id.* at page 299, citing Restatement, *Torts*, p. 464, sec. 682.

"Harass" is defined as "To cause to endure excessive burdens or anxieties, to fatigue, or to weary by importunity." [10] The record in this case demonstrates that in the mid 1950's the department was justified in investigating the tax payments of both Roman Neu and of the corporation. Since 1964, when this investigation was begun, the Department of Revenue has proceeded against the taxpayer in a reasonable manner. Aside from making the assertion that it is being harassed, appellant is silent as to how the department has placed excessive or worrisome burdens upon it. Appellant cites several cases [11] in which it has been said that this court will protect citizens from the abuses of administrative agencies. That is, of course, correct, but the record before the court at the present time reveals no abuses, no harassment, and no improprieties by the department. Appellant places particular reliance upon the *Weeden v. Beloit Case.*[12] The case is inapposite; it concerned a specific statutory restriction upon the scope of discovery which was invoked by the lower court. Furthermore, in *Weeden* the action was begun after the statute of limitations for that type of proceeding had run. Here the department may still proceed against the taxpayer for intentional tax evasion and we find no harassment here.

*Did the Tax Appeals Commission follow the proper procedure in passing upon appellant's petition?*

A. *Number of members required to attend the hearing.*
Appellant argues that the fact that only one of the three members of the Tax Appeals Commission who

---

[10] 39 C. J. S., p. 774.

[11] *State ex rel. Wisconsin Inspection Bureau v. Whitman* (1928), 196 Wis. 472, 507, 508, 220 N. W. 929; *Schmidt v. Local Affairs & Development Dept.* (1968), 39 Wis. 2d 46, 57, 158 N. W. 2d 306; *State ex rel. Lyons v. De Valk* (1970), 47 Wis. 2d 200, 205, 177 N. W. 2d 106; *Weeden v. Beloit* (1964), 22 Wis. 2d 414, 126 N. W. 2d 54.

[12] *See* footnote 11, *supra.*

signed the commission's decision and order was present at the hearing constitutes error. The procedure to be followed by the commission is statutory. Sec. 73.01 (4) (b), Stats., provides :

"Any matter required to be heard by the commission may be heard by *any member* of the commission and reported to the full commission for determination . . . ." (Emphasis added.)

In this case one member of the commission, Chairman C. L. Finch, was present at the hearing, and the entire commission signed the decision and order. That is all the statute requires.

B. *The fifteen-month delay.*

The petition to quash the subpoena was heard by the commission in February, 1969. Its decision on the petition was not issued until May, 1970. No explanation appears for this delay, although it does appear that the briefs and reply letters were not completely submitted until October 31, 1969. One of the purposes of establishing administrative tribunals is to expedite matters which come before them. We agree with the trial court's conclusion that the delay here appears unreasonable. Absent a mandatory statutory requirement, however, delay in issuing a decision does not constitute reversible error.[13]

*By the Court.*—Judgment affirmed.

---

[13] 1 Davis, *Administrative Law Treatise,* pp. 548–550, sec. 8.08. *See also: Muskego-Norway v. W. E. R. B.* (1967), 32 Wis. 2d 478, 485b (on rehearing), 145 N. W. 2d 680, 147 N. W. 2d 541, 151 N. W. 2d 84, 151 N. W. 2d 617.