## Commonwealth v. DiLarso, Jr.

Before Garb, Mountenay and Rufe, JJ.

*John Lampi,* for Commonwealth.
*Samuel A. Litzenberger,* for defendant.

GARB, J., April 23, 1973.—Defendant was indicted in a two-count bill of indictment, being charged, in the first count, with operating a motor vehicle at a time when his operating privileges had been suspended and before they had been reinstated in violation of the Act of August 27, 1963, P. L. 1353, sec. 1, 75 PS §624(6); and, in the second count, with operating a motor vehicle at a time when his operating privileges had been suspended under and pursuant to the terms of the Financial Responsibility Act of April 29, 1959, P. L. 58, sec. 1432, 75 PS §§102 and 1417, et seq., in violation thereof. Upon trial held before a jury, defendant was found guilty of the first count and the second count was nol prossed upon motion of the district attorney and approval of the court. Defendant has filed a motion in arrest of judgment.

The trial in this matter took place on April 29, 1969, and, for reasons totally inexplicable to us, the post trial motion was not brought on for argument before the court en banc until April 9, 1973, almost four years to the day after the trial. In the interim, the court reporter who took the notes of testimony at the trial had left the employ of this court and the notes of testimony were never transcribed. However, we are able to dispose of the motion because of agreement between the district attorney and defense counsel as to the issue before us.

Both parties agree that the Commonwealth presented the testimony of a police officer who testified that he observed defendant operating the motor vehicle at the time in question. It is likewise agreed that the Commonwealth presented another witness, one Donald Joseph DiGiulio, who testified that he was operating the motor vehicle at the time in question. The court sheet bearing the minutes of the court clerk,

in fact, do indicate that one Donald Joseph DiGiulio and the police officer did testify as Commonwealth witnesses. Therefore, the issue before us is whether this conviction can stand in the face of Commonwealth evidence on a vital issue in the case which is patently internally inconsistent.

We are satisfied that the verdict cannot stand and that the motion in arrest of judgment must be granted in view of this patent conflict in the Commonwealth's case. It is obviously true that a jury may believe one portion of a witness' testimony and still reject, as untruthful, the remainder thereof: Commonwealth v. Morales, 444 Pa. 388 (1971). A jury can believe all, some or none of the testimony of a defendant or of any witness: Commonwealth v. Harris, 444 Pa. 515 (1971); Commonwealth v. Neal, 447 Pa. 452 (1972); and Commonwealth v. Thomas, 448 Pa. 42 (1972). Where there is conflicting testimony, the credibility of the witness is for the jury's resolution: Commonwealth v. Zapata, 447 Pa. 322 (1972); Commonwealth v. Oates, 448 Pa. 486 (1972).

However, the party having the burden of proof cannot prevail if his evidence is so uncertain or inadequate or equivocal or ambiguous or contradictory as to make findings or legitimate inferences therefrom a mere conjecture: Bohner v. Eastern Express, Inc., 405 Pa. 463 (1961); Musleva v. Patton Clay Manufacturing Company (No. 1), 338 Pa. 249 (1940). The court may not submit a case which will merely enable a jury to guess at a fact in favor of a party who is bound to prove it: Kobierowski v. Commonwealth Mutual Insurance Co. of Pennsylvania, 175 Pa. Superior Ct. 387 (1954). Where there is an obvious contradiction in the evidence of the party with the burden of proof with respect to a matter upon which that party has

the burden of proof, a court should not allow a jury to speculate: Thomas v. Ribble, 404 Pa. 296 (1961). See also, Mrahunec v. Fausti, 385 Pa. 64 (1956). Although admittedly all of the foregoing cases are civil in nature, they still refer to the sufficiency of the evidence as submitted by the party with the burden of proof. In those cases, the burden was only by a preponderance of the evidence. A fortiori, the same principle is applied in criminal cases where the Commonwealth has the burden of proof beyond a reasonable doubt. In criminal cases it has been held that a case should not go to the jury where the party having the burden offers testimony of a witness, or various witnesses, which is so contradictory on the essential issues that any finding by the jury would be a mere guess: Commonwealth v. Bartell, 184 Pa. Superior Ct. 528 (1957). See also Commonwealth v. Jodlowsky, 163 Pa. Superior Ct. 284 (1948) and Commonwealth v. Rex, 147 Pa. Superior Ct. 121 (1942).

Considering that the Commonwealth produced two witnesses, each of whom directly contradicted the other on the vital question of whether or not defendant was operating a motor vehicle at the time in question, we consider that the evidence was so contradictory that the jury could only guess as to what the ultimate fact was. This being the case, defendant's demurrer which he made at the close of the Commonwealth's case should have been sustained and the case dismissed. Accordingly, therefore, this motion in arrest of judgment must be granted.

## ORDER

And now, to wit, April 23, 1973, it is hereby ordered, directed and decreed that defendant's motion in arrest of judgment is hereby granted.