CHARLES W. HANSON v. JOANN B. HANSON.

249 N. W. 2d 452.

January 7, 1977—No. 46205.

 

*Edward M. Cohen,* for appellant.

*T. H. Wangensteen,* for respondent.

Heard before Todd, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Charles W. Hanson petitioned district court for dissolution of marriage from Joann B. Hanson. At trial, the husband presented evidence of blood grouping tests which established he was not the father of the minor child born to his wife during their marriage. This evidence was not rebutted, and based on the record before it, the trial court found the husband not to be the father and refused to grant to the wife support for the minor child. We affirm.

Charles W. Hanson and Joann B. Hanson were married in November 1968. On June 14, 1970, Joann gave birth to a son. Charles W. Hanson was listed as the father of the child on the birth certificate, the hospital records, and a baptismal certificate. The parties' joint income tax returns for the years 1971 and 1972 listed the child as a dependent. In 1973, Charles filed a separate tax return, listing the child as his dependent. In September of 1971, Charles purchased an insurance policy on the child, listing himself as father and Joann as mother. Further, the evidence disclosed that Charles' parents regarded the child as their grandson.

In October of 1972, the parties separated and this action was commenced. On December 6, 1972, a temporary order for support was entered requiring Charles to make support payments. For reasons unexplained in the record, the matter was not called for trial. In May of 1974, Charles retained the services of his present counsel, who advised him to terminate support payments, based upon the results of blood grouping tests taken pursuant to a court order of December 6, 1972, which excluded Charles as the father

of the child. In October of 1974, in response to petitioner's motion, on the basis of the blood grouping tests, the referee terminated child support payments and forgave any arrearages.

The action was brought to trial in April 1975. Medical testimony was received without objection and indicated that based on the blood grouping tests, Charles could not be the father of the child. No evidence was offered on the wife's behalf to rebut the medical opinion given by this expert witness. The trial court found that Charles was not the father of the child and relieved him of any support obligations.

On appeal, the sole issue presented to this court is the validity of the court's findings of fact and conclusions of law as to the male parentage of the minor child.

This court in considering the legitimacy of children born during wedlock has held that there is a presumption of legitimacy, but that such presumption may be rebutted by the results of reliable blood tests, conducted by impartial physicians, which establish nonpaternity. Haugen v. Swanson, 219 Minn. 123, 16 N. W. 2d 900 (1944) ; Curry v. Felix, 276 Minn. 125, 149 N. W. 2d 92 (1967). In this case, the evidence presented by the husband was reliable, impartial, and not rebutted by any other evidence.

Minnesota, unlike some states, has not adopted any statute specifying the amount of weight to be given exclusionary results of blood grouping tests. Some jurisdictions only allow blood tests indicating nonpaternity to be given the same weight as other evidence.[1] Another group of jurisdictions holds that while test results excluding paternity are not conclusive, they should be given considerable weight in rebutting the presumption.[2] A third

[1] Jordan v. Davis, 143 Me. 185, 57 A. 2d 209 (1948); State v. Camp, 286 N. C. 148, 209 S. E. 2d 754 (1974); State v. Fowler, 277 N. C. 305, 177 S. E. 2d 385 (1970); Ross v. Marx, 24 N. J. Super. 25, 93 A. 2d 597 (1952). (But compare, Cortese v. Cortese, 10 N. J. Super. 152, 76 A. 2d 717 [1950]).

[2] Beck v. Beck, 153 Colo. 90, 384 P. 2d 731 (1963); State ex rel. Steiger v. Gray, 3 Ohio O. 2d 394, 76 Ohio L. Abs. 394, 145 N. E. 2d 162 (1957); Commonwealth v. Gromo, 190 Pa. Super. 519, 154 A. 2d 417 (1959).

group of jurisdictions has ruled that a blood grouping test, properly conducted, which excludes paternity is conclusive.[3] Illustrative of this rule is Anonymous v. Anonymous, 1 App. Div. 2d 312, 316, 150 N. Y. S. 2d 344, 348 (1956), which states:

"Reason and logic, as well as a recognition of the modern advances in science, compel a determination that the presumption of legitimacy is not conclusive but rebuttable. The probative value of the results of skillfully conducted blood grouping tests has been widely accepted. The tests of course will be relevant only if they show noncompatability * * *. If so, such evidence should be deemed conclusive as to nonpaternity."

The record in this case would compel a finding of nonpaternity under each of the above standards.

Costs and disbursements are not allowed to either party.

Affirmed.

---

[3] Commonwealth v. D'Avella, 339 Mass. 642, 162 N. E. 2d 19 (1959); Houghton v. Houghton, 179 Neb. 275, 137 N. W. 2d 861 (1965); In re Schneider, 72 Misc. 2d 423, 339 N. Y. S. 2d 52 (1972); State ex rel. Lyons v. DeValk, 47 Wis. 2d 200, 177 N. W. 2d 106 (1970).