# IN RE the PATERNITY OF S.J.K.: STATE of Wisconsin, Appellant,

## v.

# M.T.D., Respondent.

Court of Appeals

*No. 85–1955. Submitted on briefs May 21, 1986.–Decided June 10, 1986.*

(Also reported in 392 N.W.2d 97.)

For the appellant, State of Wisconsin, there were briefs by *Thomas R. Marlier,* corporation counsel.

For the respondent, M.T.D., there was a brief by *Jack J. Hargrove,* of Cumberland.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J.   The state appeals an order dismissing a paternity claim against M.T.D. The sole issue on appeal is whether the trial court should have required M.T.D. to submit to additional paternity tests under sec. 767.48(2), Stats., after the initial tests indicated he was not the child's father. Because we conclude that the trial court should have required M.T.D. to submit to the additional tests, we reverse.

This action involves the paternity of S.J.K., born September 2, 1982. Under a court order, M.T.D. submitted to blood tests. The results excluded M.T.D. as the father of the child. The state subsequently moved for additional independent blood tests under sec. 767.48(2). The trial court denied the motion reasoning that because the initial blood test excluded M.T.D. from paternity, sec. 767.48(4) required dismissal of the action.

Wisconsin paternity proceedings are purely statutory. *State ex rel. Lyons v. DeValk,* 47 Wis. 2d 200, 203, 177 N.W.2d 106, 107 (1970). As a result, paternity proceedings must be carried on in the manner fixed by the

263

legislature. *Id.* The interpretation of a statute involves a question of law that we review independently of the trial court. *Hainz v. Shopko Stores, Inc.,* 121 Wis. 2d 168, 172, 359 N.W.2d 397, 400 (Ct. App. 1984).

Section 767.48 provides in relevant part:

> Blood tests in paternity actions. (1) The court or family court commissioner may, and upon request of a party shall, require the child, mother, alleged father, or any male witness who testifies or will testify about his sexual relations with the mother at a possible time of conception to submit to blood tests.

> . . . .

> (2) The court, upon request by a party, shall order that independent tests be performed by other experts qualified as examiners of genetic markers present on blood cells and components. Additional tests performed by other experts of the same qualifications may be ordered by the court at the request of any party.

The state argues that the trial court erroneously denied its request for additional blood tests. We agree.

When construing a statute, we will give meaning to every word, clause, and sentence in the statute. *Kollasch v. Adamany,* 104 Wis. 2d 552, 563, 313 N.W.2d 47, 52 (1981). We will avoid construing a statute in such a way that would render a portion of it meaningless. *State v. DILHR,* 101 Wis. 2d 396, 404, 304 N.W.2d 758, 762 (1981). Section 767.48(2) unambiguously gives either party the right to request additional independent blood tests. Once a request is made, the statute requires a trial court to order the individual to submit to the

additional independent tests. The trial court, in its discretion, may order other additional blood tests.

■ M.T.D. argues that sec. 767.48(4) unambiguously requires the dismissal of a paternity action once blood tests exclude the individual from paternity. Section 767.48(4) provides that:

> Whenever the results of the blood tests exclude the alleged father as the father of the child this evidence shall be conclusive evidence of nonpaternity and the court shall dismiss the action. . . .

M.T.D.'s argument, however, would render a portion of sec. 767.48 meaningless. Under his argument, the option of either party to request additional independent blood tests would be eliminated. In effect, only the alleged father would have the opportunity to request additional tests.

We conclude that no conflict exists between the blood tests option in sec. 767.48(2) and the dismissal provision in sec. 767.48(4). This dismissal provision is only effective when the results of the blood tests, including all additional tests, exclude the alleged father. Consequently, the dismissal provision takes into account the situation where additional blood tests are given.

*By the Court.*—Order reversed.